# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11505
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2019

Lyle W. Cayce
Clerk

WILLIAM GALLAHER, II,

      Plaintiff - Appellant

v.

CITY OF MAYPEARL, TEXAS,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1400

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:*

In this § 1983 suit, William Gallaher alleged that former City of Maypearl ("City") police officer Shahid Mohamad violated his rights under the Fourth and Fourteenth Amendments by engaging in excessive force and false arrest following a pullover of his vehicle on May 27, 2015. The plaintiff sued both the City and Officer Mohamad. The City moved to dismiss under Federal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11505

Rule of Civil Procedure 12(b)(6) for failure to state a claim, which the district court granted.  Gallaher later dismissed Officer Mohamad without prejudice under Rule 41(a)(1).  This appeal followed.

Except in rare circumstances approved by the Supreme Court and as set out in Rule 54(b) of the Federal Rules of Civil Procedure, we only have jurisdiction to review final orders of the district court.  In *Ryan v. Occidental Petroleum Corp.*, we held that when the district court dismisses certain claims with prejudice and the plaintiff then voluntarily dismisses the remaining claims without prejudice, we do not have appellate jurisdiction to review the appeal.  577 F.2d 298, 301–02 (5th Cir. 1978).  We reasoned that the judgment was not final because the plaintiff did not face an adverse ruling on his entire case in light of plaintiff's voluntary dismissal of certain claims which formed the bases of his complaint.  *Id.*

*Ryan* controls this case.  Because plaintiff voluntarily dismissed his case against Officer Mohamad without prejudice, plaintiff did not suffer an adverse ruling as to this defendant and was entitled to pursue another action against him.  Thus, the judgment appealed from is not a final judgment, and we must dismiss this appeal for lack of jurisdiction.

**APPEAL DISMISSED**.